UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
MARTIN J. WALSH, Secretary of Labor,             :
UNITED STATES DEPARTMENT OF LABOR,
                                                 :
Plaintiff,
                                                 :
                                                 :   Civil Action No. 2:22-cv-03907
v.
                                                 :
BROOKHAVEN IRRIGATION CORP. and
MICHAEL COGGINS, individually and as officer     :
of Brookhaven Irrigation Corp.,
                                                 :
Defendants.
-----------------------------------------------------------------

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary" or "Plaintiff"), alleges as follows:

## PRELIMINARY STATEMENT

The Secretary brings this action under Section 16(c) and Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) (the "FLSA"), alleging that Defendants, Brookhaven Irrigation Corp. and owner Michael Coggins (collectively "Defendants"), willfully violated sections 7, 11(c), 15(a)(2), and 15(a)(5) of the FLSA, to recover back wages, to obtain liquidated damages; to permanently enjoin violations of the FLSA, and to obtain other appropriate relief. Defendants own and operate a landscaping and lawn sprinkler installation business that employs workers who spend an average of 10 to 12 hours per day, 5 to 6 days per week, performing landscaping services. Despite the requirements of Section 7(a) of the FLSA, 29 U.S.C. § 207(a), Defendants do not pay the employees an overtime rate of one and a half times their regular rate of pay for hours over 40 in a workweek, instead paying employees their regular rate of pay for hours over 40 in one workweek or an increased rate that is less than one and a half

times their regular pay, resulting in substantial unpaid wages due. And despite the requirements of Section 11(c) of the FLSA, 29 U.S.C. § 211(c), which requires every covered employer to make, keep, maintain, and produce to Plaintiff for inspection the records of persons employed, including records of wages, hours, and other conditions and practices of employment, Defendants have not kept or have not produced to Plaintiff these basic records, hampering Plaintiff's investigation and potentially concealing FLSA violations beyond those spelled out in this Complaint.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims of this Complaint occurred in the Eastern District of New York and Defendants reside within the District.

## THE PARTIES

3. **THE SECRETARY** brings this action pursuant to his authority to file suit to restrain and remedy violations of the FLSA and to recover back wages, obtain liquidated damages, and pursue other appropriate relief.

4. At all times relevant to this Complaint, **BROOKHAVEN IRRIGATION CORP.** ("Brookhaven") was a corporation organized under the laws of the State of New York, with a place of business located at 27 Granny Road, Farmingville, New York 11738, and engaged in providing landscaping and lawn care services.

5. At all times relevant to this Complaint, Brookhaven directly employed workers to perform the services of the landscaping and lawn care business.

6. At all times relevant to this Complaint, **MICHAEL COGGINS** ("Coggins") was an owner and/or executive officer of Brookhaven.

7. At all times relevant to this Complaint, Coggins set and managed the terms and conditions of employment with Brookhaven.

8. At all times relevant to this Complaint, Coggins had the authority to hire and fire employees who performed work for Brookhaven.

9. At times relevant to this Complaint, Coggins hired and fired employees who performed work for Brookhaven.

10. At all times relevant to this Complaint, Coggins had the authority to set pay for employees who performed work for Brookhaven.

11. At times relevant to this Complaint, Coggins set pay for employees who performed work for Brookhaven.

12. At all times relevant to this Complaint, Coggins had the authority to set the work schedules of employees.

13. At times relevant to this Complaint, Coggins set the work schedule of employees.

14. At all times relevant to this Complaint, Coggins had the authority to assign work duties to employees.

15. At times relevant to this complaint, Coggins assigned work duties to employees.

16. At all times relevant to this Complaint, Coggins acted directly and indirectly in the interest of Brookhaven with respect to regulation of employment and regulation of all persons employed with Brookhaven.

17. Because Coggins acted directly and indirectly in the interest of Brookhaven with respect to regulation of employment and regulation of all persons employed with Brookhaven, Coggins is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## FLSA COVERAGE

18. The activities of Defendants, as described in this Complaint, are related and performed through unified operation or common control for a common business purpose.

19. During the period relevant to this Complaint, Brookhaven had an annual gross volume of sales made or business done in an amount not less than $500,000.00.

20. At all times relevant to this Complaint, Brookhaven had at least two employees.

21. At all times relevant to this Complaint, the employees of Brookhaven were engaged in activity affecting interstate commerce, including, but not necessarily limited to (1) handling and using goods or materials that were moved in or produced for commerce, such as tools, materials, and equipment needed to perform their work duties; and (2) handling credit card transactions.

22. The employees of Defendants are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

## FACTUAL ALLEGATIONS

**Defendants' Failure to Pay Overtime**

23. Since the week ending July 5, 2019, Defendants have employed at least twenty-nine employees listed in Exhibit A to this Complaint, in various jobs related to their business. Those jobs include technician, sprinkler installer (installing sprinklers and related plumbing work), mechanic (assisting with sprinkler installations and repairing malfunctions), driver (driving equipment and employees to and from job sites), and office assistant.

4

24. Since the week ending July 5, 2019, and possibly at times previous, employees of Defendants have regularly worked more than 8 hours in one day.

25. Since the week ending July 5, 2019, and possibly at times previous, employees of Defendants have regularly worked five or more days per week.

26. Since the week ending July 5, 2019, and possibly at times previous, employees of Defendants have regularly worked more than 40 hours in one week.

27. Since the week ending July 5, 2019, and possibly at times previous, employees of Defendants have regularly worked an average of 50 to 60 hours per week. For example, employees frequently begin work at 7 am and end work between 6 pm and 7 pm, five or six days per week.

28. Since the week ending July 5, 2019, and possibly at times previous, employees of Defendants who worked more than 40 hours in one workweek did not receive pay at one and a half times their regular rate for the hours over forty.

29. Since the week ending July 5, 2019, and possibly at times previous, some employees of Defendants who worked more than 40 hours in one workweek received their regular rate or "straight time" for all hours worked. For example, an employee earning $20 per hour as a regular rate worked 51.5 hours in one workweek (54 hours less 2.5 hours Defendants excluded for lunch breaks), and the employee received gross pay equal to $20 times 51.5 hours, instead of receiving a premium rate of $30 per hour (1.5 times the employee's regular rate of $20 per hour) for 11.5 of those 51.5 total hours.

30. Since the week ending July 5, 2019, and possibly at times previous, some employees of Defendants who worked more than 40 hours in one workweek received a small increase over their regular rate for hours over 40, but the rate was less than 1.5 times their regular rate. For example, one such employee earned $19.00 per hour as a regular rate and worked 62.25

hours in one workweek. The employee received $25 per hour for 19.25 of those hours (22.25 overtime hours less 3 hours Defendants excluded for lunch breaks), instead of $28.50 per hour (1.5 times the employee's regular rate of $19 per hour) for each hour over forty.

31. Employees confronted Coggins about proper overtime pay or asked Coggins questions about receiving proper overtime pay, more than once.

32. Following the communications described in Paragraph 31, Defendants continued to pay employees less than 1.5 times their regular rate for hours over 40 during one workweek.

33. During the period relevant to this Complaint, Defendants' electronic payroll records included a column "Pay Over," which states the number of hours over 40 each employee worked during a workweek. For example, during the week ending May 8, 2020, an employee's "Total Hrs" column states "54.75," and the same employee's "Pay Over" column states "14.75."

34. During the period relevant to this Complaint, Defendants' electronic payroll records included a column for "O/T Hours," "O/T Rate," and a "Total Amt Paid" column that separates out the amount paid to employees for overtime hours from the amount paid to employees for hours up to forty.

35. Defendants' records during the period relevant to this Complaint generally show an "O/T Rate" that is identical to the regular rate. For example, during the week ending September 20, 2019, an employee whose regular rate is $16.00 per hour worked 56.25 hours. The employee's "O/T" rate is also $16.00 per hour, and the "Total Amt Paid" reflects hours over 40 paid at $16.00 per hour.

36. At times during the period relevant to this Complaint, Defendants' records show an "O/T Rate" that is several dollars higher than the regular rate but not the correct rate of 1.5 times the employees' regular rate. For example, an employee with a regular rate of $20.00 received, at

6

times, an O/T Rate of $25.00 per hour (5 dollars short of the proper 1.5 times the employee's regular rate).

37. Defendants' pay records for the period relevant to this Complaint do not show an overtime rate of 1.5 times the regular rate (the proper overtime rate under Section 7(a) of the FLSA, 29 U.S.C. § 207(a)) being paid to employees at any time.

38. As described above, Defendants' failure to pay employees 1.5 times their regular rate for hours over 40 in one workweek is documented in Defendants' own timekeeping and pay records.

39. During the period relevant to this Complaint, Defendants were aware of or recklessly disregarded the FLSA requirement to pay employees an overtime premium of one and a half times the employees' regular rate.

40. Accordingly, Defendants' actions and omissions related to paying employees less than 1.5 times their regular rate for hours over 40 in one workweek were willful.

41. Upon information and belief, Defendants' unlawful practice of failing to pay their employees an overtime premium of 1.5 times their regular rate is continuing at present.

**Defendants' Violation of FLSA Recordkeeping Requirements**

42. At various times relevant to this Complaint, Defendants failed to make, keep, maintain, and produce to Plaintiff for inspection the records of persons employed, including records of wages, hours, and other conditions and practices of employment, as required under FLSA Sections 11(a) and 15(a)(5), 29 U.S.C. §§ 211(a), 215(a)(5), and the corresponding regulations, 29 C.F.R. §§ 516.2, 516.5, and 516.6.

43. Plaintiff requested that Defendants provide records of persons employed (with full names and contact information), as well those persons' wages and hours, for a period of three years.

44. Defendants failed to provide Plaintiff with records of persons employed, instead providing a list of first names only with rate of pay and no other information.

45. Defendants failed to provide Plaintiff with records of wages and hours for various periods Plaintiff requested, including December 6, 2019 to December 27, 2019; January 17, 2020 to February 21, 2020; the week ending December 25, 2020; February 5, 2021 to March 26, 2021; and August 27, 2021 through February 5, 2022.

**FIRST CAUSE OF ACTION**
**Defendants Violated Sections 7(a) and 15(a)(2) of the FLSA / Failure to Pay Overtime**

46. Pursuant to FRCP Rule 10(c), Plaintiff adopts and incorporates by reference all preceding allegations of this Complaint.

47. During the period relevant to this Complaint (and possibly continuing at present), Defendants willfully violated Sections 7 and 15(a)(2) of the FLSA by employing employees in an enterprise engaged in commerce for workweeks longer than 40 hours without paying the employees for hours over 40 at a rate not less than 1.5 times the employees' regular rate of pay.

48. For each instance of failing to pay employees for hours more than 40 in one workweek at a rate not less than 1.5 times their regular rates of pay, Defendants are liable for unpaid overtime compensation and an equal amount as liquidated damages pursuant to Section 16(c) of the FLSA. In the event liquidated damages are not awarded, Defendants are liable for overtime compensation and prejudgment interest on overtime compensation pursuant to Section 17 of the FLSA.

## SECOND CAUSE OF ACTION
**Defendants Violated Sections 11(c) and 15(a)(5) of the FLSA / Unlawful Recordkeeping Practices**

49. Pursuant to FRCP Rule 10(c), Plaintiff adopts and incorporates by reference all preceding allegations of this Complaint.

50. During the period relevant to this Complaint, Defendants willfully violated Sections 11(c) and 15(a)(5) of the FLSA, in failing to make, keep, maintain, and produce to Plaintiff for inspection the records of persons employed, including records of wages, hours, and other conditions and practices of employment, as prescribed in the regulations corresponding to Section 11(c) of the FLSA, found at 29 C.F.R. §§ 516.2, 516.5, and 516.6.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants as follows:

1. Permanently enjoin, pursuant to Section 17 of the FLSA, Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants from violating any provision of the FLSA;

2. Order Defendants to pay unpaid overtime compensation to all employees listed on the attached EXHIBIT A and an equal amount in liquidated damages pursuant to Section 16(c) of the FLSA (Defendants may owe additional overtime compensation and liquidated damages to employees presently unknown to Plaintiff for the period relevant to this Complaint); or

3. In the event liquidated damages are not awarded, enjoin Defendants and their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid overtime

compensation found due to Defendants' employees, pursuant to Section 17 of the FLSA, and order prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

4. Order Defendants to reimburse Plaintiff for the costs of this action; and

5. Order such other appropriate relief as is equitable and just.

DATED:   July 5, 2022
         New York, New York

                                          Respectfully,

                                          SEEMA NANDA
                                          Solicitor of Labor

                                          JEFFREY S. ROGOFF
                                          Regional Solicitor

                                          */s/ M. J. Harris*
                                          Megan J. Harris
                                          Trial Attorney

                                          U.S. Department of Labor,
                                          Attorneys for MARTIN J. WALSH,
                                          Secretary of Labor, Plaintiff

Office of the Solicitor
New York Region II
(646) 264-3657
harris.megan.j@dol.gov
NY-SOL-ECF@dol.gov